UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-45 |
| ROSENBERGER CONSTRUCTION LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Pending before the Court is the defendant's, Rosenberg Construction, LLC (the "defendant"), motion to dismiss or in the alternative, motion to stay. (Dkt. No. 6). The plaintiff, Travelers Casualty and Surety Company of America (the "plaintiff"), filed a response in opposition to the motion (Dkt. No. 11), to which the defendant has filed a reply (Dkt. No. 13). After having carefully considered the motions, the replies, the record and the applicable law, the Court determines that the defendant's motion to stay the case should be **GRANTED**.

**II.  FACTUAL BACKGROUND**

The defendant is a general contractor that operates in the Greater Houston area and throughout Texas. On or about May 16, 2014, the defendant entered into an agreement with Memorial Hermann Health System ("MHHS") for the renovation of a facility at MHHS's hospital. (Dkt. No. 6 at 6). On June 4, 2014, the defendant entered into an agreement with GC Remediation, Ltd. dba Southwest Glass of Houston ("Southwest Glass"), which required Southwest Glass to furnish and install glass and glazing for the project ("Subcontract"). (Dkt. No. 1 at 2).

The Subcontract required Southwest Glass to secure a performance bond, which served to insure Southwest Glass' full performance of the Subcontract. (Dkt. No. 6 at 45). The plaintiff issued a subcontract insurance bond (the "Bond") naming Southwest Glass as the principal, and the defendant as the obligee. (Dkt. No. 1 at 2). The defendant alleges that Southwest Glass did not perform as required by the Subcontract. (Dkt. No. 6 at 8). Further, the defendant claims that Southwest Glass' shortcomings not only caused the defendant to sustain out of pocket expenses, but also served to delay the completion of the project. *Id*. On September 18, 2015, in accordance with the Subcontract, the defendant notified Southwest Glass that it was in default. (Dkt. No. 6 at 78). The defendant claims that demands on both the plaintiff and Southwest Glass to remedy the default went unanswered.

On November 18, 2016, Southwest Glass filed suit against the defendant in the District Court of Harris County, Texas, seeking recovery of approximately $450,000 in retainage funds. On January 9, 2017, the plaintiff filed its complaint in this Court against the defendant seeking multiple declaratory judgments. On January 13, 2017, the defendant answered the state court suit and filed a counterclaim against Southwest Glass and the plaintiff seeking recovery of damages due under the Bond. The defendant's motion to dismiss or stay was filed in this Court on February 1, 2017.

### III. CONTENTIONS OF THE PARTIES

#### A. The Defendant's Contentions

The defendant contends that the Declaratory Judgment Act gives the Court broad discretion to dismiss, stay, or hear a case. The defendant argues that a declaratory judgment would unduly enjoin any parallel proceeding taking place in state court. The defendant claims that the Anti-Injunction Act limits the Court's ability to issue an injunction staying a state court

proceeding. The defendant argues that the circumstances needed to enjoin the state proceedings are not present in the instant case. The defendant further contends that the Brillhart Doctrine directs the Court to dismiss or stay this case. The Brillhart Doctrine considers whether it is more appropriate for a federal court to resolve a matter via a federal declaratory judgment versus relying on the pending state action. The defendant argues that the application of the Brillhart factors to the circumstances of this case suggest that the Court should allow this matter to be resolved in state court. Accordingly, the defendant asks the Court to dismiss or stay this case pending resolution of the state court proceedings.

### B. The Plaintiff's Contentions

The plaintiff argues that the federal declaratory judgment statute permits it to be before the Court and secure a ruling on its declaratory action. The plaintiff contends that the Anti-Injunction Act is not appropriate because all of the necessary factors do not exist. The plaintiff further contends that the Brillhart Doctrine should fail because the plaintiff was not served in the state court case until after the defendant filed its motion to dismiss in this Court, which is contrary to the procedure outlined by the Fifth Circuit. The plaintiff alleges that their declaratory action only encompasses questions of law, and could be quickly resolved; while the state lawsuit contains multiple parties and could take several years to be decided. Thus, the plaintiff contends that the Court's abstention from this matter is not warranted and urges the Court to rule on its declaratory action.

## IV. CONCLUSION

The Court is of the opinion that this case should be stayed pending the resolution of the state court proceedings. A stay would promote judicial economy and prevent conflicting judgments. "A court 'should consider and weigh in each case, and at every stage of the

litigation, the values of judicial economy, convenience, and fairness . . . ." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 586 (5th Cir. 1992). As the parties' claims and counterclaims are currently pending in state court, the Court is of the view that judicial economy would best be served by allowing the state court to make all final decisions prior to this Court ruling on the plaintiff's complaint. Thus, the Court orders that this case be stayed, pending a full resolution of the state court proceeding. Accordingly, it is therefore, ORDERED that the defendant's motion to stay is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 30th day of June, 2017.

_____
Kenneth M. Hoyt
United States District Judge